

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:04CR320

NELSON ANTHONY MAYES

**MEMORANDUM OPINION**

Nelson Anthony Mayes, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 244). The Government has responded, asserting, inter alia, that Mayes's § 2255 Motion is barred by the statute of limitations. (ECF No. 249.) For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On January 19, 2005, a grand jury charged Mayes with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (Count One), and distribution of 50 grams or more of cocaine base (Count Seven). (Superseding Indictment 1, 3, ECF No. 49.) On May 3, 2005, a Criminal Information was filed, charging Mayes with distribution of cocaine base. (ECF No. 72.) On May 6, 2005, Mayes pled guilty to the one-count Criminal Information. (Plea Agreement ¶ 1, ECF No. 94.) On August 3, 2005, the Court entered judgment against

Mayes and sentenced him to 180 months of imprisonment. (J. 2, ECF No. 133.) Mayes did not file a direct appeal.

On September 20, 2013, Mayes placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 14.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Mayes asserts that he is entitled to relief pursuant to Descamps v. United States, 133 S. Ct. 2276 (2013). (§ 2255 Mot. 5.)

## II.  ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)**  the date on which the judgment of conviction becomes final;
>
> **(2)**  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)**  the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Mayes did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, August 17, 2005, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Mayes had until Thursday, August 17, 2006 to file any motion under 28 U.S.C. § 2255. Because Mayes did not file his § 2255 Motion until September 20, 2013, the motion is untimely under 28 U.S.C. § 2255(f)(1).

Neither Mayes nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling. Nevertheless, the Court construes Mayes to argue that his motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's

decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013) is a new right recognized by the Supreme Court that must be made retroactively applicable to cases on collateral review.

In <u>Descamps</u>, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. Specifically, "<u>Descamps</u> held only that a conviction for burglary under California law does not categorically constitute a conviction for generic burglary, and thus cannot qualify as a predicate offense under the [ACCA] provision that references the generic crime." <u>United States v. Avila</u>, 770 F.3d 1100, 1106 (4th Cir. 2014) (citing <u>Descamps</u>, 133 S. Ct. at 2293). <u>Descamps</u>, however, is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3). <u>See</u> <u>King v. United States</u>, 610 F. App'x 825, 828-29 (11th Cir. 2015); <u>United States v. Montes</u>, 570 F. App'x 830, 831 (10th Cir. 2014); <u>United States v. Morejon</u>, No. 5:09CR00032-2, 2015 WL 1477765, at *7 (W.D. Va. Mar. 31, 2015) (citations omitted). Therefore, because <u>Descamps</u> is not retroactive, Mayes' § 2255 motion cannot be timely under 28 U.S.C. § 2255(f)(3). Thus, Mayes has failed to demonstrate any

basis for excusing his failure to comply with the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Mayes' § 2255 Motion (ECF No. 244) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Mayes and counsel for the Government.

It is so ORDERED.

/s/   _REP_

Robert E. Payne
Senior United States District Judge

Date: _October 1, 2015_
Richmond, Virginia